Arkansas Highway Police Post Office Box 2779 Little Rock, Arkansas 72003-2779
Dear Mr. Lewis:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2007), which is contained within the Arkansas Freedom of Information Act (the "FOIA"), A.C.A. §§ 25-19-101
— 109 (Repl. 2002 and Supp. 2007), for my review of the provisional decision by the Arkansas Highway Police to release certain records related to your professional service in response to an FOIA request. With respect to personnel or evaluation records as defined below, A.C.A. § 25-19-105(c)(3)(B)(i) provides in pertinent part that "[e]ither the custodian, requester, or the subject of the records may immediately seek an opinion from the Attorney General, who, within three (3) working days of receipt of the request, shall issue an opinion stating whether the decision is consistent with this chapter."
The information requested is the following:
 The officer[']s personnel file including application for employment, background investigation, any complaints or disciplinary action, IAD [Internal Affairs Department] investigations, and academy training records.
 The previous 20 incident/offense reports prepared by the officer prior to a specified date.
 Any in car video or audio tapes of the activity involving the officer during a specified incident.
 A copy of the Arkansas Highway Police policy and procedures manual.
 The requester under the FOIA has specified that he has not sought disclosure of "any of the following information or any other information specifically prohibited by law":
Social security number Date of birth Driver[']s license number Home address or telephone number Any medical information
RESPONSE
In my opinion, for the reasons set forth below, only the first item of information requested is appropriate for a response from this office. Without having seen the records at issue, I cannot opine as to the propriety of the custodian's decision to release or to withhold particular records. I can and will, however, set forth the standards that I believe the custodian should apply in determining which records to release.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2007).
As noted above, my statutory role pursuant to A.C.A. §25-19-105(c)(3)(B)(i) is limited to reviewing the provisional decision of the custodian to release personnel or evaluation records. In my opinion, items 2, 3 and 4 listed above do not fall within either of these categories, and I must consequently decline to opine regarding the propriety of the custodian's decision regarding the release of any of these requested documents. See Ops. Att'y Gen. 2008-004, 2007-313 and 2002-210.
With respect to the first item requested — namely, the officer's personnel file, including his "application for employment, background investigation, any complaints or disciplinary action, IAD investigations, and academy training records" — I believe various of these documents constitute personnel records and others constitute employee evaluation/job evaluation records. As discussed below, the standards for release of these two categories of records differ. I have not been provided any of the particular documents, and I can accordingly do no more than set forth the standard the custodian should apply in determining which records to release.
Although the FOIA does not define the term "personnel records," this office has consistently taken the position that "personnel records" are any records other than employee evaluation/job performance records that relate to the individual employee. Op. Att'y Gen. 2006-071. Under the relevant statute, "personnel records" are open to public inspection and copying except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2007). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted in Young:
The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
308 Ark. at 598. However, as the court noted in Stilley v. McBride,332 Ark. 306, 312, 965 S.W.2d 125 (1998), when "there is little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial." Given that exemptions from disclosure must be narrowly construed, it is the burden of an individual resisting disclosure to establish that his "privacy interests outweighed that of the public's under the circumstances presented." Id. at 313. The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is not relevant to the analysis. See Ops. Att'y Gen. 2001-112; 2001-022; 94-198; 94-178; and 93-055. The test is an objective one. See, e.g., Op. Att'y Gen.96-133. At issue, then, is whether disclosing the personnel records at issue would amount to a "clearly unwarranted invasion of personal privacy."
Similarly, the FOIA does not define the term "employee evaluation or job performance records," nor has the phrase been construed judicially. This office has consistently taken the position that any records that were created by or at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. See, e.g., Ops. Att'y Gen. 2006-035; 2005-030; 2004-211; 2003-073; 1998-006; 1997-222; 1995-351; 1994-306; 1993-055. To fall within this classification, the record must have been created for the purpose of evaluating the employee. See, e.g., Op. Att'y Gen. 2004-012. "Employee evaluation or job performance records" as distinguished from "personnel records," are releasable only if the following three conditions have been met:
 1. There has been a final administrative resolution of any suspension or termination proceeding;
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 3. There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1). Employee evaluation or job performance records cannot be released unless each prong of this test has been met.
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. As two commentators on the FOIA have observed: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." J. Watkins R. Peltz, The Arkansas Freedom of Information Act (m m Press, 4th ed. 2004), at 205. These commentators further point out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be redundant, because evaluation and job performance records are not subject to disclosure unless they `form a basis' for the decision to suspend or terminate the employee." Id. (footnotes omitted). These commentators have also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Id. at 206 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue"). Specifically with respect to the performance of police officers, these commentators have further noted:
The public has a great interest in the performance of police officers and other law enforcement officials, and in this case the "cop on the beat" is just as important as the chief of police.
Id. at 207 (footnote omitted). The question of whether there is a compelling public interest in particular records is a question of fact that must be determined in the first instance by the custodian of the records, considering all of the relevant information.
With respect to your specific question, I believe a current employee's job application, any background investigation that served as a basis for his hiring, and his academy training records constitute "personnel records" under the standard set forth above. As I noted in Op. Att'y Gen. 2007-278:
Certain . . . employment-related records found in police personnel files are typically subject to release with any appropriate redactions. See, e.g., Ops. Att'y Gen. 2005-268 (mentioning job application documents, resumes, documents evidencing completion of psychological examination; and personal history statements as being subject to release with appropriate redactions); and 2004-178 (discussing training files with scores redacted).
As further noted in my previous opinion:
I have previously concluded that dates of birth of public employees are not subject to inspection and copying under the FOIA. See Op. Att'y Gen. 2007-064. This office has further opined on numerous occasions that social security numbers are not subject to disclosure under the FOIA. See, e.g., Ark. Ops. Att'y Gen. Nos. 2007-013; 2006-035; 2003-153; 93-300; and 91-003.
This same conclusion applies to medical information. As I noted in Op. Att'y Gen. 2007-013:
Subject to the possible redaction of exempt information such as medical information, social security numbers, see, e.g., Ops. Att'y Gen. Nos. 2006-035; 2003-153; 93-300; and 91-003, or information identifying certain law enforcement officers currently working undercover, A.C.A. § 25-19-105(b)(10), personnel records must be released unless their disclosure would constitute a "clearly unwarranted invasion of [the employee's] personal privacy." A.C.A. § 25-19-105(b)(12).
As I further noted in Op. Att'y Gen. 2007-025:
In my opinion information such as social security numbers, driver's license numbers, and medical records must be excised. See, e.g., Op. Att'y Gen. No. 2001-080 (". . . the social security number must be redacted . . . anywhere it appears throughout the personnel documents in accordance with federal law" citing 5 U.S.C. § 552a, note (the Federal Privacy Act); and 42 U.S.C. § 405(c)(2)(C)(viii)); (driver's license numbers must be redacted pursuant to the federal "Driver's License Privacy Protection Act," 18 U.S.C. § 2721 et seq.); and Opinion No.2000-130 (". . . any medical records would be exempt from disclosure under A.C.A. § 25-19-105(b)(2)," stating that "The Attorney General has consistently interpreted the term `medical records,' as used in the FOIA, to encompass `records containing information relating to the treatment or diagnosis of a medical condition'" citing Ops. Att'y Gen. Nos. 1999-110; 98-202; and 89-147.
With respect to complaints filed against the officer in question, I believe any complaint that was not solicited by the employer must be reviewed under the standard applicable to a "personnel record" as defined above. See Op. Att'y Gen. 2008-004; 2002-210 ("In order to constitute an employee evaluation/job performance record, a record must be created by or at the behest of the employer and must detail the employee's performance or lack of performance on the job."). See also Ops. Att'y Gen. 2002-055; 2001-154; 96-132; 91-324.
Finally, in my opinion, any records relating to disciplinary actions or IAD investigations clearly fall within the category of employee evaluation/job performance records, subject to review under the standard discussed above. Given that I am not a finder of fact and have not been provided any of the records at issue, I am unable to opine regarding which documents, if any, are subject to disclosure. However, as a matter of law, I agree with the determination of the custodian that "disciplinary actions, if any, which did not result in suspension or termination, have been deemed exempt from release."
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General